UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JARRETH JOSEPH

                           PLAINTIFF,                           **AMENDED COMPLAINT**

                         -against-                           **Jury Trial Demanded**

NEW YORK CITY POLICE LIEUTENANT MAUVIN    Case No.: 16-CV-2004 (PKC)(LB)
BUTE, Tax ID #920064, NEW YORK CITY POLICE
OFFICER REMY JEANFRANCOIS, Tax ID #950632,
NEW YORK CITY POLICE OFFICER THOMAS GUY,
Tax ID #950549, NEW YORK CITY POLICE OFFICER
JOEL CROOMS, Tax ID #950249, NEW YORK CITY
POLICE OFFICER ANDREAS SARGENT, in their
individual and official capacities,

                          Defendants.
------------------------------------------------------------------x

      PLAINTIFF JARRETH JOSEPH, by and through his attorney Richard J. Washington, Esq., hereby brings this civil rights action to recover damages for the Defendants' unlawful search, abuse of process, excessive force, malicious prosecution and all other violations of his rights secured by 42 U.S.C. § 1983 and 1988 and the rights secured by the Fourth, and Fourteenth Amendments to the United States Constitution and the rights secured under the Constitution of the State of New York, Article I, Section 12 and the common law of the State of New York to redress the deprivation under color of law of PLAINTIFF's rights, privileges, and immunities secured by the United States Constitution.  PLAINTIFF seeks money damages to redress and remedy the deprivations of his constitutional rights.  In addition, PLAINTIFF invokes the pendant jurisdiction of this Court over related ancillary and pendent state law claims, insofar as those claims apply.  PLAINTIFF seeks an award of attorney's fees and costs pursuant to 42 U.S.C. § 1988 and pursuant to any other laws that may apply.

PLAINTIFF alleges that DEFENDANT BUTE, DEFENDANT JEANFRANCOIS, DEFENDANT GUY, POLICE OFFICER ANDREAS SARGENT and DEFENDANT CROOMS (hereinafter "DEFENDANT NYPD OFFICERS") made an unreasonable search of PLAINTIFF's home, violating his rights under the Fourth and Fourteenth Amendments of the United States Constitution, and that those Defendants took a sum of United States Currency from the PLAINTIFF's home, and that those Defendants assaulted and battered PLAINTIFF. Moreover, it is alleged that DEFENDANT BUTE and the other DEFENDANT NYPD OFFICERS falsely arrested and imprisoned PLAINTIFF, and each of the Defendants provided false statements concerning the circumstances of the PLAINTIFF's arrest. Additionally, DEFENDANT BUTE is a high-ranking, supervising police officer that directly participated in the violation of PLAINTIFF's rights, and failed to remedy such violation, and was grossly negligent in managing the subordinates, specifically the other DEFENDANT NYPD OFFICERS.

## JURISDICTION

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 2201 and 2202. The substantive claims in this action arise under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

2. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, *et seq.*, in the Eastern District of New York, where DEFENDANT BUTE and the DEFENDANT NYPD OFFICERS are employed, where PLAINTIFF resides, and where the actions complained of herein occurred.

3. The amount in controversy excluding interests and costs exceeds the sum of 100,000 dollars.

**NOTICE**

4. PLAINTIFF JOSEPH filed a complaint with the Civilian Complaint Review Board (hereinafter "the CCRB") alleging that on or about August 15, 2014 DEFENDANT BUTE and DEFENDANT NYPD OFFICERS were discourteous, abused their authority, used excessive force, and engaged in other misconduct.

5. On or about July 8, 2015, the CCRB issued findings based upon the PLAINTIFF's complaint, and the CCRB substantiated PLAINTIFF's abuse of authority claims.

6. The CCRB further found that at least one of the DEFENDANT NYPD OFFICERS and/or DEFENDANT BUTE provided a false official statement to the CCRB, entered the PLAINTIFF's residence without authorization, and unlawfully frisked PLAINTIFF. *A copy of the CCRB's letter to the PLAINTIFF, dated July 8, 2015, is annexed hereto as Exhibit A.*

7. Although four officers were involved and participated in the substantiated actions against PLAINTIFF, disciplinary charges were only brought against DEFENDANT BUTE.

**PARTIES**

8. PLAINTIFF JOSEPH is, and at all times mentioned herein was, a resident of Kings County, New York City, in the State of New York.

9. At all times mentioned herein, PLAINTIFF JOSEPH resided in a home located at 845 Rogers Avenue, Apartment 1, in Kings County, New York.

10. At all times mentioned herein, the New York City Police Department is and was the employer of the personnel named herein as DEFENDANT BUTE and DEFENDANT NYPD OFFICERS.

11. DEFENDANT BUTE and DEFENDANT NYPD OFFICERS are, and at all times mentioned herein were, duly appointed Police Officers and designated as such by the City of

New York and the NYPD, and at all times mentioned herein were on duty and acting in such capacity as agents, servants, and employees of the City of New York and/or the NYPD.

12. At all times mentioned herein, DEFENDANT BUTE was an NYPD supervisor, and supervised DEFENDANT NYPD OFFICERS and directed their actions as police officers.

13. At all times mentioned herein, DEFENDANT NYPD OFFICERS were acting under the direction of, and pursuant to the instructions of DEFENDANT BUTE, who at all times was acting as their NYPD supervisor.

14. At all times mentioned herein, each of the Defendants were acting under color of the laws of New York City and New York State, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or the City of New York.

15. This action is brought against DEFENDANT BUTE and DEFENDANT NYPD OFFICERS in their official and individual capacities.

**FACTS**

16. On or about August 15, 2014, DEFENDANT BUTE and DEFENDANT NYPD OFFICERS, while on duty as New York City police officers, forcibly entered PLAINTIFF JOSEPH'S home without privilege, permission, or authority.

17. Once inside, DEFENDANT BUTE and/or DEFENDANT NYPD OFFICERS individually and/or collectively frisked PLAINTIFF JOSEPH.

18. DEFENDANT BUTE and/or DEFENDANT NYPD OFFICERS individually and/or collectively threatened and cursed at PLAINTIFF JOSEPH while inside his home.

19. DEFENDANT BUTE and DEFENDANT NYPD OFFICERS individually and/or collectively forcibly handcuffed PLAINTIFF JOSEPH.

20. After bringing PLAINTIFF JOSEPH outside his residence and into the hallway of his building, DEFENDANT BUTE and DEFENDANT NEW YORK CITY POLICE OFFICERS re-entered the PLAINTIFF's residence and searched the residence without permission or authority to do so.

21. At no time did DEFENDANT BUTE or DEFENDANT NYPD OFFICERS have a valid search warrant for the premises, nor did they have any other legitimate basis to search PLAINTIFF JOSEPH'S home, or to re-enter PLAINTIFF's home.

22. While PLAINTIFF JOSEPH was handcuffed in the hallway of his building, DEFENDANT BUTE and/or DEFENDANT NYPD OFFICERS individually and/or collectively removed a sum of United States Currency (approximately eight thousand dollars) from PLAINTIFF JOSEPH'S home without permission or authority to do so.

23. DEFENDANT BUTE and DEFENDANT NYPD OFFICERS individually and/or collectively transported PLAINTIFF JOSEPH to the 67th Precinct Stationhouse.

24. While at the 67th Precinct Stationhouse, DEFENDANT BUTE and DEFENDANT NYPD OFFICERS, without cause or provocation, individually and/or collectively repeatedly struck and kicked PLAINTIFF JOSEPH about the head and body.

25. DEFENDANT BUTE and DEFENDANT NEW YORK CITY POLICE OFFICERS individually and/or collectively arrested PLAINTIFF JOSEPH, and each of the Defendants provided false statements to the Kings County District Attorney's Office resulting in PLAINTIFF JOSEPH being subjected to prosecution for criminal charges that the Defendant's knew or should have known that the PLAINTIFF did not commit.

26. PLAINTIFF JOSEPH was criminally prosecuted in Kings County Criminal Court under Docket Number 2014KN06l596.

27. PLAINTIFF's criminal prosecution was based upon information the DEFENDANT BUTE and the DEFENDANT NYPD OFFICERS provided; including, but not limited to DEFENDANT SARGEANT.

28. The criminal prosecution against the PLAINTIFF terminated in his favor in that the PLAINTIFF's criminal case under Docket Number 2014KN06l596, was dismissed and sealed on or about April 17, 2015.

29. DEFENDANT BUTE'S and DEFENDANT NYPD OFFICERS' actions and conduct were intentional and intended to harm PLAINTIFF JOSEPH.

30. DEFENDANT BUTE'S and DEFENDANT NYPD OFFICERS' actions and conduct was malicious, willful, outrageous, and conducted with full knowledge of the law.

31. At all times herein, the individual Defendants had no cause, let alone probable cause or reasonable suspicion, to arrest, exercise excessive force, charge and detain PLAINTIFF. Their actions were based on malice and bad faith and were not supported by any true facts.

32. At all times during the encounter with the Defendants, PLAINTIFF JOSEPH conducted himself in a lawful manner. PLAINTIFF JOSEPH did not resist the illegal arrest or intrusion to his home.

33. As a result of the foregoing, PLAINTIFF JOSEPH has suffered severe pain and agony, severe emotional distress, humiliation, psychological injury, damage to his reputation, and lost wages.

## CAUSES OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 and Fourth and Fourteenth Amendments
### By PLAINTIFF Against All Individual Defendants

34. PLAINTIFF repeats and re-alleges each and every allegation made in the foregoing paragraphs of this complaint.

35. By their conduct, as described herein, and acting under the color of state law to deprive PLAINTIFF JOSEPH of his right to be free from unreasonable searches and seizures and arrest without reasonable suspicion or probable cause as required by the Fourth and Fourteenth Amendments, DEFENDANT BUTE and DEFENDANT NYPD OFFICERS are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

36. As a direct and proximate result of Defendant's unlawful actions, PLAINTIFF has suffered, and will continue to suffer, damages including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, and embarrassment.

### AS AND FOR A SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983 and Fourth and Fourteenth Amendments
### By PLAINTIFF Against All Individual Defendants

37. PLAINTIFF repeats and re-alleges by reference paragraphs 1-32 as if set forth fully herein.

38. By their conduct, as described herein, and acting under color of state law to deprive the PLAINTIFFs of their rights to be free from excessive force in the course of an arrest as required by the Fourth and Fourteenth Amendments, the individual Defendants are liable for violation of

42 U.S.C. § 1983, which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

39. As a direct and proximate result of Defendant's unlawful actions, PLAINTIFF has suffered and will continue to suffer damages including physical, mental, and emotional pain and injury, mental anguish, suffering, humiliation, and embarrassment.

## AS AND FOR A THIRD CAUSE OF ACTION
### 42 U.S.C. § 1983 and Fourth and Fourteenth Amendments
### By PLAINTIFF Against All Individual Defendants

40. PLAINTIFF repeats and re-alleges by reference all foregoing paragraphs as if set forth fully herein.

41. By their conduct, as described herein, and acting under color of state law, Defendants are individually liable to PLAINTIFF under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

42. Defendants' unlawful actions were done willfully, knowingly, with malice, and with the specific intent to deprive PLAINTIFF of his constitutional rights.

43. The prosecution by Defendants of PLAINTIFF constituted malicious prosecution in that there was no basis for the PLAINTIFF's arrest, yet Defendants continued with the prosecutions, which were ultimately resolved in PLAINTIFF's favor.

44. As a direct and proximate result of Defendants' unlawful actions, PLAINTIFF has suffered and will continue to suffer damages including physical, mental, and emotional injury and pain, mental anguish, suffering, humiliation, and embarrassment.

## AS AND FOR A FOURTH CAUSE OF ACTION
### Article I, Section 12 of the New York State Constitution

45. PLAINTIFF repeats and re-alleges by reference all preceding paragraphs as if set forth fully herein.

46. The actions of Defendants, while acting under color of law, in subjecting PLAINTIFF to unlawful search and seizure, arrest, and excessive force by physically assaulting him was done without reasonable suspicion or probable cause, and were designed to and did cause specific and serious bodily harm, pain, and suffering to the PLAINTIFF in violation of his constitutional rights as guaranteed by Article I, Section 12 of the Constitution of the State of New York.

47. The foregoing acts and conduct of Defendants were a direct and proximate cause of injury and damage to PLAINTIFF and violated his rights as guaranteed by the constitution of the State of New York.

## AS AND FOR A FIFTH CAUSE OF ACTION
### State Common Law Malicious Prosecution

48. PLAINTIFF repeats and re-alleges by reference all preceding paragraphs as if fully set forth herein.

49. By their conduct, as described herein, Defendants are individually liable to PLAINTIFF for having committed malicious prosecution under the laws of the State of New York.

50. Defendants maliciously commenced criminal proceedings against PLAINTIFF, charging him with larceny and possession of stolen property. Defendants falsely and without probable cause charged PLAINTIFF with violations of the laws of the State of New York.

9

51. The commencement and continuation of criminal proceedings against PLAINTIFF was malicious and without probable cause.

52. All charges were terminated in PLAINTIFF's favor.

53. As a direct and proximate result of the misconduct and abuse of authority stated above, PLAINTIFF sustained the damages alleged herein.

### AS AND FOR A FIFTH CAUSE OF ACTION
**Assault and Battery**

54. PLAINTIFF repeats and re-alleges by reference all preceding paragraphs as if fully set forth herein.

55. By the conduct and actions described above, Defendants inflicted the torts of assault and battery upon PLAINTIFF. The acts and conduct of Defendants were the direct and proximate cause of injury and damage to PLAINTIFF, and violated PLAINTIFF's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

56. Defendants' acts constituted an assault upon PLAINTIFF in that Defendants intentionally attempted to injure PLAINTIFF or commit a battery upon him, and further that Defendants' acts represented a grievous affront to PLAINTIFF.

57. Defendants' acts constituted a battery upon PLAINTIFF in that the above-described bodily conduct was intentional, unauthorized, and grossly offensive in nature.

58. The actions of Defendants were intentional, reckless, and unwarranted, and without any just cause or provocation, and Defendants knew or should have known that their actions were without PLAINTIFF's consent.

59. The injuries sustained by PLAINTIFF were caused wholly and solely by reason of the conduct described, and PLAINTIFF did not contribute thereto.

60. As a direct and proximate result of the foregoing, PLAINTIFF was subjected to great physical and emotional pain and humiliation, was deprived of his liberty, and was otherwise damaged and injured.

### AS AND FOR A SIXTH CAUSE OF ACTION
### Negligent Infliction of Emotional Distress

61. PLAINTIFF repeats and re-alleges by reference the allegations set forth in the preceding paragraphs as if set forth fully herein.

62. As New York City Police Officers, the Defendants had a duty to protect the PLAINTIFF's civil and constitutional rights, as well as those rights guaranteed to the PLAINTIFF under the laws of the State of New York and the New York State Constitution.

63. Defendants breached their duty when they entered PLAINTIFF's residence without a warrant or exigency, threatened PLAINTIFF, handcuffed PLAINTIFF, and beat him without provocation or justification.

64. The Defendants' conduct as set forth herein, was extreme, outrageous, and utterly intolerable in a civilized community and exceeds all reasonable bounds of decency.

65. Defendants' acts and misconduct were the direct and proximate cause of injury and damage to PLAINTIFF and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

66. As a result of the foregoing, PLAINTIFF was deprived of his liberty, and was subjected to serious physical and emotional pain and suffering, and was otherwise damaged and injured.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### Conversion

67. PLAINTIFF repeats and re-alleges by reference the allegations set forth in the preceding paragraphs as if set forth fully herein.

68. At all times mentioned herein, PLAINTIFF was and still is the owner with right to possession of the personal property of PLAINTIFF, including, but not limited to, eight thousand dollars of United States Currency.

69. Upon information and belief, PLAINTIFF alleges that Defendants converted and continued to convert said property without permission or authority to do so.

70. Between the time of Defendants' conversion and filing this action, PLAINTIFF has expended sums, excluding attorneys fees and costs associated with the present litigation, as a result thereof, all to PLAINTIFF's further damage.

**PRAYER FOR RELIEF**

**WHEREFORE** PLAINTIFF prays for relief as follows:

(1) That the Court determine and enter judgment declaring that the acts and omissions of the Defendants, as set forth above, violated rights secured to the PLAINTIFF by the United States Constitution, the Constitution of the State of New York, and state common law in the matters alleged herein, upon consideration of the evidence adduced at trial or otherwise;

(2) That the Court award compensatory damages to PLAINTIFFs;

(3) That the Court award punitive damages to the PLAINTIFF;

(4) That the Defendants be required to pay the legal costs, attorney's fees, and expenses in this action, and;

(5) That the Court grant such further and additional relief as is appropriate.

Dated: New York, New York
October 19, 2017

Respectfully Submitted,

BY: /s/ *Richard J. Washington*
_____
Richard J. Washington (RW 4793)
THE LAW OFFICES OF RICHARD J. WASHINGTON
*Attorney for PLAINTIFF*
100 Church Street, Suite 800
New York, New York  10007
Tel:    (646) 845-7445
Fax:   (646) 607-9383

To:     Police Officer Remy Jeanfrancois, Tax ID #950632
2820 Snyder Avenue
Brooklyn, NY 11226

Police Officer Thomas Guy, Tax ID #950549
2820 Snyder Avenue
Brooklyn, NY 11226

Police Officer Joel Crooms, Tax ID #950249
2820 Snyder Avenue
Brooklyn, NY 11226

Police Lieutenant Mauvin Bute, Tax ID #920064
2820 Snyder Avenue
Brooklyn, NY 11226

Police Officer Andreas Sargent
2820 Snyder Avenue
Brooklyn, NY 11226