UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
JARRETH JOSEPH,

                Plaintiff,

      - against -

NEW YORK CITY POLICE LIEUTENANT MAUVIN BUTE, Tax ID #920064, NEW YORK CITY POLICE OFFICER REMY JEANFRANCOIS, Tax ID #950632, NEW YORK CITY POLICE OFFICER THOMAS GUY, Tax ID #950549, NEW YORK CITY POLICE OFFICER JOEL CROOMS, Tax ID #950249, and NEW YORK CITY POLICE OFFICER ANDREAS SARGENT, in their individual and official capacities,

                Defendants.
----------------------------------------------------------x

**MEMORANDUM & ORDER**
16-CV-2004 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

Plaintiff Jarreth Joseph brings this action pursuant to 42 U.S.C. § 1983 ("Section 1983"), as well as the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, alleging unconstitutional search and seizure, false arrest, excessive force, abuse of process, and malicious prosecution, along with state law claims for false arrest, malicious prosecution, and common law tort claims. (*See generally* Second Amended Complaint ("SAC"), Dkt. 19.) Before the Court is Defendants' motion to dismiss the SAC for failure to state a claim under Federal Rule of Civil Procedure ("FRCP") 12(b)(6) ("Rule 12(b)(6)"). For the reasons stated herein, Defendants' motion is denied.

1

# BACKGROUND

## I.   Relevant Facts[1]

On or about August 15, 2014, Defendant New York City Police Department ("NYPD") Lieutenant Mauvin Bute ("Lt. Bute") and Defendant NYPD Officers Remy Jeanfrancois ("Jeanfrancois"), Andreas Sargent ("Sargent"), Thomas Guy ("Guy"), and Joel Crooms ("Crooms") (collectively, the "Defendant Officers") forcibly entered Plaintiff's home. (SAC, Dkt. 19, ¶ 16.) The Defendant Officers did not have a valid search warrant for the premises. (*Id.* ¶ 21.) After frisking and verbally swearing at Plaintiff, the Defendant Officers handcuffed Plaintiff and removed him from his home. (*Id.* ¶¶ 17-20.) Defendant Officers then searched Plaintiff's home without permission and removed approximately eight thousand dollars. (*Id.* ¶¶ 20-22.)

Following these events, the Defendant Officers escorted Plaintiff to the NYPD's 67th Precinct stationhouse, where they proceeded to strike and kick Plaintiff in the head and body. (*Id.* ¶¶ 23-24.) Shortly thereafter, Plaintiff was charged and prosecuted in Kings County Criminal Court for larceny and stolen property. (*Id.* ¶¶ 25-28, 50.) The charges were later dismissed and sealed on April 17, 2015. (SAC ¶ 28.)

Plaintiff filed a complaint with the Civilian Complaint Review Board ("CCRB") alleging that on August 15, 2014, the Defendant Officers were "discourteous, abused their authority, used excessive force, and engaged in other misconduct."[2] (*Id.* ¶ 4; Compl. ¶ 4; *see also* July 8, 2015

---

[1] In deciding a motion to dismiss under Rule 12(b)(6), the Court must assume as true the allegations in the complaint. *See* Fed. R. Civ. P. 12; *Littlejohn v. City of N.Y.,* 795 F.3d 297, 306-07 (2d Cir. 2015). The Court thus draws all relevant allegations, taken as true, from the SAC. (Dkt. 19.)

[2] The date on which Plaintiff filed his CCRB complaint is not indicated in the record presently before the Court.

CCRB Findings, Dkt. 19-1, at ECF[3] 1-3.)[4] On July 8, 2015, the CCRB issued findings based on Plaintiff's complaint. The CCRB found Plaintiff's abuse of authority claims against "Officer 3"[5] (for entry without authorization) and "Officer 4" (for the unlawful frisk) to be substantiated. (SAC ¶¶ 5-6; July 8, 2015 CCRB Findings, at ECF 1-3.) The CCRB also found that "Officer 3" had provided a false official statement to the CCRB. (*Id*.) In the end, however, only Officer 4—whom Plaintiff alleges to be Lt. Bute (SAC ¶ 7)—was disciplined. (*Id*.)[6]

## II. Procedural History

Plaintiff filed the original Complaint in this action on April 23, 2016, alleging violations of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution against John Doe NYPD Lieutenant, John Doe NYPD Officers 1-3, and the City of New York. ("Compl.," Dkt. 1.) On July 29, 2016, Plaintiff filed his First Amended Complaint, adding factual allegations regarding NYPD policies and customs related to searches and seizures. ("FAC", Dkt. 6.) On August 2, 2016, Plaintiff's counsel sent a Freedom of Information Law ("FOIL") request to the CCRB for all documents, video, data and items in Plaintiff's CCRB case file, but received

---

[3] "ECF" refers to the pagination generated by the CM/ECF docketing system, and not the document's internal pagination.

[4] Although Plaintiff fails to provide the exact date he filed his complaint with the CCRB, Plaintiff included the CCRB Case Number in his original Complaint, FAC and SAC, and attached the July 8, 2015 CCRB Findings (Dkt. 19-1) as an Exhibit to his SAC. (Compl. ¶¶ 4-6, FAC ¶¶ 4-6, SAC ¶¶ 5-6; July 8, 2015 CCRB Findings, at ECF 1-3 (identifying Defendants as Officers 1-4).)

[5] The CCRB's report did not identify the officers by name or rank, but only by number, *i.e.*, Officers, 1, 2, 3, and 4.

[6] The CCRB also found the claim of "discourtesy" as to Officer 2 unsubstantiated, the "use of force" claim as to Officer 4 regarding tight handcuffing unsubstantiated, the "use of force" claim as to Officer 1 unfounded, and that Plaintiff was "uncooperative" as to the remaining "abuse of authority" unlawful search claim against Defendant Officers 1-4. (July 8, 2015 CCRB Findings, at ECF 1-3.)

3

no response. (Plaintiff's Opposition Letter ("Pl.'s Opp. Letter") Dkt. 25, at ECF 3; August 2, 2016 Letter re: Formal FOIL Request for Documents, Video, Data and Items Concerning CCRB Case No. 201408836 ("FOIL Letter"), Dkt. 25-1.) On November 29, 2016, the City filed a motion pursuant to Rule 12(b)(6) to dismiss Plaintiff's claim against it for municipal liability. (Dkt. 15.) The Court granted the City's motion on September 22, 2017, allowing Plaintiff's claims to proceed only against John Doe NYPD Lieutenant and John Doe NYPD Officers 1-3. (Dkt. 17.)

During a telephone status conference on September 28, 2017, the Honorable Lois Bloom, the presiding Magistrate Judge, "raised [her] concerns regarding the date of the arrest and the naming of the John Doe defendants. Plaintiff's counsel raised [NY] CPLR § 1024 and detailed the efforts he has made to ascertain the identities of the John Does." (Scheduling Order, dated 9/28/17.) Judge Bloom then directed the Office of the Corporation Counsel ("OCC") to "file a notice of appearance as an interested party forthwith[]" and to "provide plaintiff the names and proper service addresses for the John Doe defendants by October 10, 2017[,]" along with "plaintiff's criminal court file for the underlying arrest." (*Id*.) Judge Bloom further ordered that Plaintiff's counsel to "file an amended complaint by October 20, 2017." (*Id*.) Judge Bloom noted OCC's objection to Plaintiff being allowed to amend the complaint. (*Id*.) Plaintiff was directed to immediately serve the named defendants, and Defendants were directed to "respond to the amended complaint as they deem appropriate." (*Id*.)

Plaintiff filed the SAC on October 20, 2017, naming the John Doe NYPD Lieutenant as Lt. Bute and the NYPD Officers 1-3 as Remy Jeanfrancois, Thomas Guy, and Joel Crooms, and adding a fourth NYPD Officer, Andreas Sargent. (Dkt. 19.) The SAC also added, as to all Defendants, claims of abuse of process and malicious prosecution under 42 U.S.C. § 1983 (SAC ¶¶ 30, 40-44, 48-50), and state and common law claims of false arrest (*id.* ¶¶ 45-47), malicious

4

prosecution (*id.* ¶¶ 48-53), assault and battery (*id.* ¶¶ 54-60), negligent infliction of emotional distress (*id.* ¶¶ 61-66), and conversion (*id.* ¶¶ 67-70).

Defendants' motion to dismiss the SAC pursuant to Rule 12(b)(6) was fully briefed on April 19, 2018. (Dkts. 26-27.) In response to Defendants' motion, Plaintiff withdrew his malicious prosecution claim on the basis that there was no favorable termination of his criminal case. (Pl.'s Opp. Letter, Dkt. 25 at ECF 3.)

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In addressing a motion to dismiss, the court must accept as true all factual allegations and draw all inferences in favor of the non-moving party. *E.E.O.C. v. Port Auth. of New York & New Jersey,* 768 F.3d 247, 253 (2d Cir. 2014); *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014). In determining whether a plaintiff has adequately stated a plausible claim, "a court may consider 'documents attached to the complaint as an exhibit or incorporated in it by reference, . . . matters of which judicial notice may be taken, or . . . documents either in plaintiff['s] possession or of which plaintiff[] had knowledge and relied on in bringing suit.'" *Chambers v. Time Warner, Inc.*,

282 F.3d 147, 153 (2d Cir. 2002) (quoting *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993)).

## DISCUSSION

Defendants move to dismiss the SAC in its entirety on the ground that Plaintiff's claims of false arrest, unlawful search and seizure, excessive force, assault and battery, negligent infliction of emotional distress, and conversion are all barred by the three-year limitations period applicable to each of these claims.[7] More particularly, Defendants argue that Plaintiff's failure to name Lt. Bute and the Defendant Officers within three years of August 15, 2014 (the date of Plaintiff's arrest) bars these claims, and that there is no basis for relation back pursuant to Federal Rule of Civil Procedure 15(c)(1) ("Rule 15(c)(1)") or New York Civil Practice Laws and Rules § 1024 ("NYCPLR § 1024"). (*See* Defendants' Letter Motion (Defs.' Letter Mot."), Dkt. 26-1, at ECF 1-2; Defs.' Letter Reply, Dkt. 26-2, at ECF 1-2.)

### I.  Plaintiff's SAC Relates Back

Each of Plaintiff's claims in the SAC is subject to a three-year statute of limitations. *See Pearl v. City of Long Beach,* 296 F.3d 76, 79 (2d Cir. 2002) (citing NYCPLR § 214(5) (because Section 1983 does not contain a specific statute of limitations, courts apply the statute of limitations for personal injury actions under state law, which in New York is three years); *see also e.g., Veal v. Geraci,* 23 D.3d 722, 724 (2d Cir. 1994) (noting three-year statute of limitations for due process

---

[7] Defendants also moved to dismiss Plaintiff's malicious prosecution claim on the basis that an adjournment in contemplation of dismissal did not constitute a favorable termination. (Dkt. 22, at ECF 1 (citing, *inter alia*, *Shain v. Ellison*, 273 F.3d 56, 68 (2d Cir. 2001) [*abrogated on other grounds by Florence v. Bd. of Choses Freeholders of Cty. of Burlington*, 566 U.S. 318 (2012)]; Dkt. 26-1 at ECF 2).) In response, Plaintiff agreed and withdrew this claim. (Dkt. 25 at ECF 3.) As noted *infra* at note 10, Defendants do not advance a similar, independent argument regarding the sufficiency of Plaintiff's abuse of process claim, nor do they appear to challenge its timeliness beyond the argument about Defendants being named too late.

6

claim under Section 1983); NYCPLR § 214 (listing three-year statute of limitations governing New York State law claims of assault and battery, negligent infliction of emotional distress, and conversion). For each of Plaintiff's claims, except his malicious prosecution claim, the limitations period began to run on the date of Plaintiff's arrest, August 15, 2014. (*See generally,* SAC, Dkt. 19.)[8] Although Plaintiff timely filed the original Complaint on April 23, 2016, he did not name any of the Defendants until the filing of his SAC on October 20, 2017, which is beyond the applicable three-year limitations period. Thus, the claims against Defendants are time-barred unless the SAC "relates back" to the original filing.

Pursuant to Federal Rule of Civil Procedure 15(c)(1)(C), an amended complaint which adds a new party, or replaces a "Doe" defendant with a named defendant, will be deemed to relate back to the date of the original pleading, provided that:

> (1) the claim must have arisen out of conduct set out in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party should have known that, but for a mistake of identity, the original action would have been brought against it; and (4) the second and third criteria are fulfilled within [90][9] days of the filing of the

---

[8] With respect to Plaintiff's abuse of process claim, the Court notes the statute of limitations begins to run "at such a time as the criminal process is set in motion—typically at arrest—against the plaintiff. However, accrual cannot be appropriate before such time as plaintiff is aware, or ought to be aware, of those facts providing a basis for his claim." *Ying Li v. City of New York*, 246 F. Supp. 3d 578, 616 (E.D.N.Y. 2017) (internal citations and quotation marks omitted). Here, Plaintiff appears to tie his awareness of all of his claims in the SAC to the date of his arrest. (*See* Compl. ¶ 4; SAC ¶ 4, alleging under "Notice", that Plaintiff alleged in his CCRB Complaint that "on or about August 15, 2014," Defendant Officers, *inter alia,* "abused their authority," "used excessive force, and engaged in other misconduct.") Thus, the Court finds that the statute of limitations for Plaintiff's abuse of process claim began to run from August 15, 2014, the date of Plaintiff's arrest. However, because a "favorable termination" is an element of a malicious prosecution claim and Plaintiff's case was not terminated until April 17, 2015, the Court finds that the statute of limitations did not begin to run on his malicious prosecution claim until April 17, 2015.

[9] At the time of the *Hogan* decision, Federal Rule of Civil Procedure 4(m) allowed the plaintiff 120 days in which to serve a defendant; in 2015, that period was shortened to 90 days under Rule 4(m).

7

original complaint, and . . . the original complaint [was] filed within the limitations period.

*Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013) (citing Fed. R. Civ. P. 15(c)(1)(C)); *see* Fed. R. Civ. P. 15(c)(1)(B), (C) (setting forth requirements for permitting amended complaint against newly named defendants to relate back to an original complaint); *see also* Fed. R. Civ. P. 4(m) (noting 90-day service period for services of summons and complaint under Rule 4(m)). As the Supreme Court made clear in *Krupski v. Costa Crociere S. p. A.,* 560 U.S. 538 (2010), relation back under Rule 15(c)(1) "depends on what the party to be named or added knew or should have known, not on the amending party's knowledge or timeliness in seeking to amend the pleading." 560 U.S. at 541.

Of the four requirements that must be satisfied for relation back under Rule 15(c)(1), Defendants only assert that the third element—that the unnamed "party should have known that, but for a mistake of identity, the original action would have been brought against it", *Hogan*, 738 F.3d at 517—cannot be met here. Based on *Hogan*, Defendants argue that "because [P]laintiff was ignorant, rather than mistaken, regarding the identities of the Defendants, his claims against them do not relate back under Fed. R. Civ. P. 15(c)(1)(C)." (Dkt. 22 at ECF 2 (citing *Hogan*, 738 F.3d at 517-18 ("[F]ailure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake." (internal quotation marks and citation omitted)).)

Defendants further argue that relation back is otherwise not appropriate under NYCPLR § 1024,[10] which provides:

> A party who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party, may proceed against such person as an unknown

---

[10] As Defendants appear to recognize, the fact that relation back may be unavailable under Rule 15(c)(1)(C) does not preclude the possibility that it is available under state law. This is

8

party by designating so much of his name and identity as is known. If the name or remainder of the name becomes known all subsequent proceedings shall be taken under the true name and all prior proceedings shall be deemed amended accordingly.

Courts in New York "have interpreted this section to permit John Doe substitutions *nunc pro tunc*." *Hogan,* 738 F.3d at 518-19 (collecting cases). However, a plaintiff must meet two threshold requirements: "First, the party must exercise due diligence, prior to the running of the statute of limitations, to identify the defendant by name. Second, the party must describe the John Doe party in such form as will fairly apprise the party that [he] is the intended defendant." *Id.* at 519. Here, Defendants argue that Plaintiff cannot avail himself of § 1024 because he failed to exercise "due diligence" to timely ascertain Defendants' names. (Dkt. 22 at 2-3; Dkt. 26-1 at 1-2 (citing *Barrett v. City of Newburgh*, 2017 WL 6540497, at *6 (2d Cir. 2017)).) While the Court agrees with Defendants about the unavailability of relation back under Rule 15(c)(1)(C), it finds that relation back is appropriate under Rule 15(c)(1)(A) and NYCPLR § 1024. With respect to the applicability of § 1024, Defendants do not dispute that the second element—*i.e.*, that Plaintiff described all of the John Doe defendants in the original Complaint "in such form as . . . fairly apprise[d]" Defendants that they were the intended defendants, *Hogan,* 738 F.3d at 519—has been met. Indeed, there is no serious question about whether the original Complaint—which specified the date and place of the relevant events, the conduct engaged in by the officers, and even described the involved officers—fairly apprised Defendants that they were the intended defendants in this

---

because Rule 15(c)(1)(A) "permits an amended pleading to relate back when 'the law that provides the applicable statute of limitations allows relation back.'" *Hogan*, 738 F.3d at 518. Because, as explained *supra*, Section 1983 derives its statute of limitations from state law, federal courts in New York may find that relation back is permitted under NYCPLR § 1024. *See id.* (citing Fed. R. Civ. P. 15 Advisory Comm. Notes 1999) (Because New York law offers a "more forgiving principle of relation back" than Rule 15, "it should be available to save the claim.").

action; the original Complaint plainly did.[11] Fed. R. Civ. P. 15(c)(1)(A), (B); NYCPLR § 1024. (*See* Compl. ¶ 5; FAC and SAC ¶¶ 4-7; *see also* July 8, 2018 CCRB Findings, at ECF 1-3.)

Defendants argue however, that Plaintiff failed to exercise "due diligence" in ascertaining Defendants' names, because Plaintiff never formally served discovery demands on the City or sought an order or subpoena in this court to produce the names prior to the expiration of the statute of limitations period. (*See* Defs.' Letter Motion Dkt. 26-1, at ECF 1-2; Defs.' Letter Reply, Dkt. 26-2, at ECF 1.) Under NYCPLR § 1024, a plaintiff must "show that he or she made timely efforts to identify the correct party before the statute of limitations expired." *Strada v. City of New York,* No. 11-CV-5735 (MKB), 2014 WL 3490306, at *5 (E.D.N.Y. July 11, 2014) (quoting *Justin v. Orshan,* 14 A.D.3d 492, 788 N.Y.S.2d 407, 408 (App. Div. 2005)) (internal quotation marks omitted). The Court finds that, although there was more that Plaintiff's counsel could and should have done to timely obtain Defendants' names, Plaintiff has made that showing.

Formal discovery demands and requests for judicial intervention are both common means by which parties may timely exercise due diligence to ascertain defendants' identities, but they are certainly not the sole avenues to do so. Due diligence may include, among other examples, timely "submitting requests under state or federal Freedom of Information laws." *Barrett,* 720 Fed. App'x at 33. Indeed, Courts have found due diligence where plaintiffs, prior to filing their complaints in federal court, submitted discovery requests to the Attorney General's Office, *Hogan*, 738 F.3d at 519; made multiple inquiries to the relevant government department, *Medina v. Seiling,* No. 14-CV-6034 (VSB) 2018 WL 1603857, at *7 (S.D.N.Y. Mar. 29, 2018); or "contacted an official to

---

[11] Although the CCRB report only referred to four and not five officers (as have been named in the SAC), the original Complaint's reference to the CCRB report and to the precise time and nature of the events at issue was sufficient to put all officers involved in the incident on notice that they were the intended defendants.

provide information about [the] [d]efendant's full identity," *Ceara v. Deacon*, 68 F. Supp. 3d 402, 410 (S.D.N.Y. 2014).

Prior to filing suit and within one year of the alleged misconduct, Plaintiff sought to learn Defendants' identities by filing a formal CCRB complaint; unfortunately, the CCRB did not disclose the officers' names, despite finding some of Plaintiff's CCRB claims substantiated. (Compl. ¶¶ 4-6, FAC ¶¶ 4-6, SAC ¶¶ 5-6; July 8, 2015 CCRB Findings, at ECF 1-3 (identifying Defendants as Officers 1-4).) Plaintiff's original Complaint, which was filed before the Rule 4(m) period expired, referenced and described his CCRB complaint and provided the CCRB Case Number. (Compl. ¶¶ 4-6.) Further, Plaintiff's counsel made several additional efforts to ascertain Defendants' identities before the expiration of the statute of limitations on August 15, 2017, including his August 2, 2016 FOIL request to the CCRB (Pl.'s Opp. Letter at ECF 3; FOIL Letter), attempts to contact the Legal Aid Society ("LAS") who represented Plaintiff in the criminal case, and attempts to subpoena LAS and the CCRB to obtain Plaintiff's complete criminal and CCRB case files, respectively.[12]

Defendants cite to *Barrett,* 720 Fed. App'x at 33, as authority for their argument that Plaintiff failed to exercise due diligence. In *Barrett,* however, the Second Circuit affirmed a district court's finding that a plaintiff did not exercise due diligence where she waited over two years to make even *initial* efforts to obtain the identities of the John Doe officers (through discovery), and she did so only nine months before the limitations period expired. *Id.* at 34. Even

---

[12] According to Plaintiff's counsel, CCRB received the subpoena on July 27, 2017 and informed Plaintiff's counsel by email on August 23, 2017 that the CCRB was refusing to comply with Plaintiff's subpoena. (Pl.'s Opp. Letter at ECF 3; Defs.' Exhibit A, Dkt. 27-1.) Defendants' counsel in this matter, Assistant Corporation Counsel Bilal Haider, was copied on the email. (Pl.'s Opp. Letter at ECF 3.) The record does not indicate whether LAS received or responded to Plaintiff's subpoena.

then, the Second Circuit found that the plaintiff's belated efforts in *Barrett* presented a "close question on which reasonable fact-finders could disagree." *Id.* Here, such extreme delay is not present. *See*, *e.g., Vasconcellos v. City of New York*, No. 12-CV-8445 (CM) 2014 WL 4961441, at *9 (S.D.N.Y. Oct. 2, 2014) ("Vasconcellos did nothing to exercise due diligence prior to the running of the statute—or for that matter, after it ran."); *JCG v. Ercole*, No. 11-CV-6844 (CM) (JLC), 2014 WL 1630815, at *14 (S.D.N.Y. Apr. 24, 2014), *report and recommendation adopted,* 2014 WL 2769120 ("Plaintiff appears to have expended no efforts at all to identify the Individual Defendants in the three years that followed, waiting until the statute of limitations had nearly run to file his complaint."). Thus, the Court finds that Plaintiff's "efforts to ascertain the officers' identities distinguish this case from the majority of cases finding a lack of due diligence in the absence of *any* efforts at identification prior to the expiration of the statute of limitations[,]" *Abreu v. City of New York*, No. 17-CV-6179 (PAE), 2018 WL 3315572, at *6 (S.D.N.Y. July 5, 2018), and that Plaintiff has satisfied NYCPLR § 1024's due diligence requirement. *See id*. (finding plaintiffs satisfied due diligence under NYCPLR § 1024 where they made informal complaints at the precinct and hired a private investigator within a year of the alleged incident, despite taking no further action prior to filing the federal complaint some two years later).[13]

---

[13] The Court notes that while Plaintiff has satisfied the due diligence requirement in this case, as Judge Bloom noted, there is reason to be concerned about the failure of Plaintiff's counsel to seek the Court's intervention to obtain the officers' names prior to the expiration of the statute of limitations. Although Plaintiff's counsel argues that Plaintiff did not have the benefit of discovery (Dkt. 25 at ECF 2), it was the responsibility Plaintiff's counsel to timely seek an order from the Court requiring Defendants to identify the involved officers—as is done routinely in Section 1983 cases, *see Valentin v. Dinkins,* 121 F.3d 72 (2d Cir. 1997) (per curiam)—especially given that Plaintiff knew that a CCRB case file existed with that information. Although Plaintiff's counsel's failure to do so is inexcusable, it does not negate the fact that Plaintiff, on his own before the start of the case, and Plaintiff's counsel thereafter made efforts to ascertain Defendants' identities. *See DaCosta*, 296 F. Supp. 3d at 595 ("[I]t does not appear sound policy in 1983 civil rights cases for the allegedly abused client to be punished for the failure of his attorney to move past 'enough' [efforts] on the 'diligence scale'."); *see also Sherman v. Thomas-Brown,* No. 14-

Accordingly, Plaintiff may proceed against the named Defendants on his Section 1983 claims of unconstitutional search and seizure, false arrest, and excessive force, and his state and common law claims of false arrest, assault and battery, negligent infliction of emotional distress, and conversion, all of which relate back to the filing of the original Complaint and are not time-barred.[14]

---

CV-6912 (NGG) (JO), 2018 WL 1247377, at *5 (E.D.N.Y. Mar. 9, 2018) (finding due diligence where the plaintiff "submitted multiple discovery requests" to which the defendants did not respond, "even if these attempts are frustrated until after the limitations period has expired").

[14] The Court notes that Defendants have not argued any other basis for dismissing any of Plaintiff's claims beyond his statute of limitations argument regarding newly named Defendants. Nor would the Court be inclined to grant such a motion. *See Slayton v. Am. Exp. Co.*, 460 F.3d 215, 227-28 (2d Cir. 2006), *as amended* (Oct. 3, 2006) ("If facts provable under the amended complaint arose out of the conduct alleged in the original complaint, relation back is mandatory."); Fed. R. Civ. P. 15(c)(1)(B) (relation back occurs when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading"). The Court's decision in this regard "is consistent with the purpose of relation back: to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits." *Krupski,* 560 U.S. at 550 (citing Advisory Committee's 1966 Notes 122; 3 Moore's Federal Practice §§ 15.02[1], 15.19[3][a] (3d ed.2009)); *see also Bacchus v. New York City Bd. of Ed.*, 137 F. Supp. 3d 214, 241 (E.D.N.Y. 2015) (finding that the "better course" was not to dismiss claim based on same evidence as surviving claims); *Thibodeaux v. Travco Ins. Co.*, 13–CV–5599 (ERK) (VVP), 2014 WL 354656, at *2 (E.D.N.Y. Jan. 31, 2014) ("If one of a number of integrally related causes of action have to be tried, it makes little sense to grant a motion to dismiss as to one or more of them, as it may prove necessary to hold yet another trial in the event that it is determined on appeal that the motion to dismiss was improperly granted.")

## CONCLUSION

For the foregoing reasons, the Defendants' motion to dismiss is denied. Plaintiff's malicious prosecution claim has been withdrawn. The Court finds that Plaintiff's remaining claims relate back to the original Complaint and shall proceed against Defendants Mauvin Bute, Remy Jeanfrancois, Thomas Guy, Joel Crooms, and Andreas Sargent.

SO ORDERED.

*/s/ Pamela K. Chen*
PAMELA K. CHEN
United States District Judge

Dated: January 9, 2019
Brooklyn, New York